UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

MICHIGAN GASOLINE TRADERS, INC.,      Case No. 11-32038-dof
                                            Chapter 11 Proceeding
        Debtor.                          Hon. Daniel S. Opperman
_____/

OPINION DENYING MOTION OF RPF OIL COMPANY, INC. TO AMEND ORDER
CONFIRMING THE COMBINED PLAN OF REORGANIZATION AND DISCLOSURE
STATEMENT OF MICHIGAN GASOLINE TRADERS, INC. UNDER CHAPTER 11
OF THE BANKRUPTCY CODE AND APPROVING DISCLOSURE STATEMENT

Facts

On January 17, 2012, the Court entered an Order Confirming the Chapter 11 Plan of the

Debtor, Michigan Gasoline Traders, Inc. This Order resulted from negotiations by the Debtor,

through counsel, with creditors of the Debtor and a determination of this Court that a certain state

court action initiated by RPF Oil Company, Inc. ("RPF") against the Debtor and other parties should

be remanded to the state court. One of the tenets of this Court's decision to remand a part of the

proceeding back to the state court was the position of RPF that it did not intend to receive any

distribution from the Debtor in this Chapter 11 Plan. To that end, counsel for the Debtor inserted

the following language in the Chapter 11 Plan: "Accordingly, [RPF] will receive no distribution on

its claim against MGT. This treatment will be in full, final, and complete satisfaction and discharge

of [RPF's] claim against MGT."

This language was included in the Debtor's original Chapter 11 Plan, and survived the

various amendments and modifications to the Chapter 11 Plan that was negotiated by the Debtor and

its creditors. Moreover, the January 17, 2012, Order of this Court was submitted for review by all

1

creditors, including RPF, by the notice of presentment procedure available under the rules of this Court. RPF did not object to this language prior to entry of the January 17, 2012, Order.

RPF filed the instant Motion expressing a concern that the Chapter 11 Plan could be construed to preclude RPF from taking action against other parties, such as guarantors of the obligation of the Debtor to RPF, as well as the foreclosure of a mortgage that secures the obligation of the Debtor to RPF.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmations of plans).

## Analysis

RPF urges this Court to set aside the Order Confirming Chapter 11 Plan pursuant to Federal Rule of Civil Procedure 60. Before the Court initiates this analysis, however, the Court must first consider whether RPF's reading of the Chapter 11 Plan language is correct, thus perhaps necessitating a setting aside of the Order Confirming Plan. For the reasons stated in this Opinion, the Court concludes that RPF's reading of the relevant language is incorrect.

First, the Chapter 11 Plan and the Order Confirming Plan must be taken in the context of this entire Chapter 11 proceeding. The Court entered an Opinion on November 1, 2011, remanding certain actions between and among the Debtor, RPF, and other individuals and entities to the Genesee County Circuit Court. The rationale for this decision was that RPF would make no claim for distribution under the Debtor's Chapter 11 Plan. The Court concluded that since this Court lacked the necessary connection to the remaining claims of RPF, then this Court should not exercise

2

jurisdiction over non-debtor entities. At no point in the adversary proceeding or this Chapter 11 proceeding did the Court determine or consider any claim that RPF may have against any entity other than the Debtor. Further, the Court did not need to consider the nature of any claim that RPF would have against the Debtor because RPF agreed not to receive any distribution or money from the Debtor. Accordingly, the Debtor did not need to object to the claim of RPF, thus alleviating the Debtor and RPF of the need to litigate the amount of the claim.

With this record, the language of the Chapter 11 Plan should not and cannot be read as broadly as feared by RPF. Instead, the language, taken in context of the entire Chapter 11 proceeding, merely states that RPF will not receive any money from the Debtor.

Second, in order for the feared reading and adverse resolution of RPF to occur, the Chapter 11 Plan would need to be more definite as to the waiver of any claims that RPF would have against non-debtor parties. Moreover, the Chapter 11 Plan would need to provide that the affected non-debtor parties contributed some significant equity or value to the Chapter 11 Plan. A close reading of this Chapter 11 Plan reveals that this additional language, as well as actions by non-debtor parties, does not exist in this case. While RPF is correct that such results could occur in a Chapter 11, this is simply not true in this case.

Third, as stated by the Debtor in its reply and at the oral argument on April 4, 2012, RPF is free to go to state court, either through the existing state court action or through some other appropriate action, to get a determination as to the amount that is owed by any third party such as a guarantor or in regard to a mortgage foreclosure action. There is nothing in this Court's record that prohibits RPF from taking this action. In particular, the rationale of this Court's decision to remand the proceeding back to state court was premised upon RPF doing exactly that, without any

3

opinion by this Court as to the amount that might be owed to RPF by any party.

To summarize, this Court expresses no opinion whatsoever as to any amount that may be owed to RPF by any entity. This Court does hold that through the Order Confirming Chapter 11 Plan, the Debtor shall not pay any money to RPF, but RPF is free to seek recovery from any other party other than the Debtor.

Since the relief requested by RPF is unnecessary, the Court does not continue its analysis as to whether there is a ground to set aside the Order Confirming Chapter 11 Plan under Federal Rule of Civil Procedure 60.

For these reasons, the requested relief for RPF is unnecessary and will be denied. Given the importance of this issue to RPF and to marshal precious assets of the Debtor, counsel for RPF is directed to prepare an order consistent with this Court's Opinion and either obtain approval of the Debtor's counsel or present an order consistent with the notice of presentment practices of this Court.

The Court cancels the April 20, 2012, hearing set in this matter.

**Signed on April 13, 2012**

               **/s/ Daniel S. Opperman**
               **Daniel S. Opperman**
               **United States Bankruptcy Judge**